**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

TONY TILFORD BURTON, III,            )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        No. 1:24-cv-63-SNLJ
                                     )
DEAN FINCH, et al.,                  )
                                     )
            Defendants.              )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Tony Tilford

Burton, III for leave to commence this civil action without prepayment of the required filing fee.

ECF No. 2. The Court has determined to grant the motion and assess an initial partial filing fee of

$1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will

give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff filed his motion for leave to proceed *in forma pauperis* without providing a certified copy of his inmate account statement. The Court directed him to file a certified copy of his Wayne County Jail trust fund account statement or institutional equivalent for the six-month period immediately preceding the filing of his complaint, which is required when seeking *in forma pauperis* status. ECF No. 5. In response, plaintiff filed a notarized one-page document titled "Accounts Payroll Admin Reports" reflecting an institutional account balance of $5.25 and a debt amount of $482.38. ECF No. 9. The report does not reflect any deposits. The Court will assess an initial partial filing fee of $1.00, which is an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a prison account statement showing deposits and balances, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording self-represented complaints the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against three defendants: (1) Sheriff Dean Finch in his official and individual capacities; (2) Jailer Chris Schults in his official and individual capacities; and (3) the Wayne County Jail. ECF No. 1.

Plaintiff's Statement of Claim complains of a variety of unrelated issues. Plaintiff alleges his food trays are not properly covered and the individuals who serve food do not wear hair guards,

3

beard guards, or gloves. *Id.* at 4. He states the inmates receive insufficient daily calories but does not provide any factual information as to how many meals he is served each day or what he is served. *Id.* He asserts that from November 14 to November 22, 2024, he did not have access to drinking water due to an equipment issue that needed to be repaired. *Id.* He states he was denied his request for mental health medication and was not seen by a doctor after he complained about a "burning sensation when [he] urinate[d]." *Id.* at 6. He also claims there is a "lack of outside rec," "no emergency call button in the cell," "no firer [sic] sprinklers," "price gouging on canteen," "no routine security checks," "poor attitude towards inmates," placement in a cell with "sever [sic] mental inmates," and "no routine medical checks." *Id.* at 6-7.

In the section of the form complaint to describe his injuries, plaintiff writes, "dehydration from not having drinking water," "suffering with mental health issues," "malnutrition," "putting my life in danger by putting me in cell with [severely] mentally unstable inmates," "lack of proper cell cleaning," and "lack of clothing cleaning." *Id.* at 7-8.

For relief, plaintiff seeks $120,000 "for the physical and mental damages" and "for the county to be inspected so other inmates don't have to go through the same thing." *Id.* at 9.

### Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that claims against defendants are subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint.

First, defendant Wayne County Jail is a municipal department, which is not a suable entity under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit");

4

*De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, Wayne County Jail is not a proper defendant and must be dismissed from this action.

Second, plaintiff's official capacity claims against Sherriff Dean Finch and Jailer Chris Schults fail to state a claim. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff identifies the individual defendants as jail employees or municipal employees. However, as discussed above, local jails are not entities that can be sued under § 1983, *Ketchum*, 974 F.2d at 82, and the complaint contains no allegations that sufficiently state a plausible municipal liability claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal liability "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Because plaintiff has alleged no municipal liability, his allegations against defendants brought in their official capacities are subject to dismissal.

Third, plaintiff's individual capacity claims against Sherriff Dean Finch and Jailer Chris Schults fail to state a claim. He does not provide any facts showing how each named defendant was causally linked to, and directly responsible for, a deprivation of his rights. *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct"). For example, plaintiff complains he was not served meals with adequate calories, was denied medication, did not have access to drinking water for 10 days, and experienced a lack of outdoor recreation, but he does not allege that defendants Finch or Schults were directly responsible for these issues. "Liability under § 1983 requires a causal link to, and direct

5

responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citations omitted). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Because plaintiff sets forth the majority of his claims in an entirely conclusory fashion, it is unclear which defendant is allegedly responsible for what deprivation, and what each defendant actually did to violate plaintiff's constitutional rights. "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). In short, plaintiff has not established that defendants Finch and Schults directly participated in a constitutional violation.

Fourth, plaintiff must be sure that the claims he alleges are constitutional violations. For example, plaintiff alleges in one sentence, "price gouging on canteen." ECF No. 1 at 6. However, inmates typically have no protected property or liberty interest in commissary pricing. *See Bennett v. Sheahan,* 1999 WL 967534 *4 (N.D. Ill. 1999). Plaintiff also alleges, "[t]here was no emergency call button in the cell." ECF No. 1 at 6. This Court has previously held that it is not aware of any Eighth Circuit precent supporting the conclusion that the absence of an emergency call button in a cell is *per se* unconstitutional. *See Kingcade v. Holder*, No. 1:19-CV-165-NAB, 2020 WL 495131, at *3 (E.D. Mo. Jan. 30, 2020); *Smith v. Holder*, No. 1:17-CV-00117 SRC, 2020 WL 40237, at *10 (E.D. Mo. Jan. 2, 2020) ("Jail's failure to provide call buttons in each individual cell does not create an unconstitutional condition of confinement and does not violate [inmate's] rights under the Eighth and Fourteenth Amendments."). Furthermore, without additional factual information, this Court cannot find a constitution violation in his conclusory statements that there were "no routine security checks" or "there was no fire[] sprinklers." ECF No. 1 at 6.

Lastly, plaintiff appears to have improperly joined the defendants in this action as he asserts multiple unrelated claims. A plaintiff may join in one action as many claims as he has against a single defendant. Fed. R. Civ. P. 18(a). However, when more than one defendant is named, the Court must first consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence or series of transactions or occurrences, and presents common questions of law or fact. Unrelated claims against different defendants belong in different suits. In cases filed by non-prisoners, this requirement prevents the complication and confusion that results from multi-claim, multi-defendant lawsuits. In the context of cases filed *in forma pauperis* by prisoners, it serves the additional purpose of ensuring that prisoners pay the required filing fees, because the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals a prisoner may bring *in forma pauperis*. *See* 28 U.S.C. § 1915(g).

Here, it is clear that many of plaintiff's claims belong in separate suits. The majority of plaintiff's complaint relate to allegations that are completely unrelated. In other words, they do not arise from the same transaction and do not present common questions of law or fact. For instance, plaintiff's claim that cafeteria staff do not wear hair guards is not transactionally related to his medical request for mental health medication, and those claims are not related to his alleged weeklong denial of drinking water. Misjoinder of parties is not grounds for dismissing an action, but a court may, on its own, drop parties or sever any claim against a party in order to remedy the misjoinder. Fed. R. Civ. P. 21. Rather than drop parties or sever claims on its own at this time, the

Court will give plaintiff the opportunity to file an amended complaint to identify the claims he wants to pursue in this lawsuit.

**Instructions for Filing Amended Complaint**

In consideration of plaintiff's self-represented status, the Court will give him the opportunity to submit an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in

8

his/her individual capacity or official capacity. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

If plaintiff is suing more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants belong in different suits. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell*, 909 F.2d at 1208; *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd*, 47 F.3d at 968 (respondeat superior theory inapplicable in § 1983 suits). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the

9

essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve

straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint in accordance with the instructions in this Memorandum and Order within **thirty (30) days from the date of this Order**. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time without prejudice.

**Plaintiff's failure to timely comply with this Memorandum and Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 30th day of May, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE