UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TONY TILFORD BURTON, III, | ) |
| Plaintiff, | ) |
| v. | ) Case no. 1:24-CV-00063-SNLJ |
| DEAN FINCH, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the following reasons, this action will be dismissed without prejudice.

On March 26, 2024, self-represented plaintiff Tony Tilford Burton, III filed a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against defendants Sheriff Dean Finch, Jailer Chris Schults, and Wayne County Jail. ECF No. 1. Plaintiff alleged a variety of unrelated issues, including a failure to cover food trays, lack of hair guards and gloves for food handlers, provision of insufficient calories, denial of drinking water, denial of medication, lack of outside recreation, no emergency button or fire sprinklers in cells, high canteen prices, a poor attitude towards inmates, and no routine security or medical checks.

On May 30, 2024, the Court granted plaintiff leave to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 10. Upon such review, the Court determined the complaint was subject to dismissal for failure to state a claim and legal frivolity. First, the Court explained that Wayne County Jail is not an entity which can be sued under § 1983. Second, the complaint was devoid of any allegations related to a policy

or custom of unconstitutional action, as would be required to state an official capacity claim against the defendants. Third, plaintiff did not provide any facts showing how each defendant was directly responsible for any violations of his constitutional rights, which is required when alleging individual capacity claims. Finally, the Court noted that plaintiff improperly joined multiple unrelated claims against more than one defendant. The Court provided plaintiff with detailed instructions for amending his complaint in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court. Plaintiff had thirty (30) days, or until July 1, 2024, to comply. He was warned that failure to timely comply could result in the dismissal of this action, without prejudice and without further notice.

As of the date of this Memorandum and Order, plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's May 30, 2024 Memorandum and Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this  17th  day of July, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE